JACK L. LEWIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lewis v. Commissioner
Docket No. 17886-89
United States Tax Court
T.C. Memo 1991-24; 1991 Tax Ct. Memo LEXIS 28; 61 T.C.M. (CCH) 1707; T.C.M. (RIA) 91024; January 22, 1991, Filed *28 Decision will be entered for the respondent. Jack L. Lewis, pro se. Kathey I. Shaw, for the respondent. GUSSIS, Special Trial Judge. GUSSIS
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) of the Code and Rule 180 et seq. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1985 and additions to tax as follows: Additions to Tax -- Sections
Deficiency
6651(a)(1)
6653(a)(1) 6653(a)(2) 6654
$ 714 $ 111 $ 38 *
$ 22
*29 Petitioner was a resident of Azalea, Oregon, at the time the petition herein was filed. Some of the facts were stipulated and they are so found. Petitioner did not file a Federal income tax return for the year 1985. Relying upon information returns, respondent determined that petitioner received wages in 1985 from Roseburg Lumber in the amount of $ 6,239 and pension payments from First Interstate Bank of $ 1,927. Petitioner admitted at the trial that he received these amounts in 1985. We conclude that the above-designated payments received by petitioner are includable in taxable income for the taxable year 1985. Section 61(a). Respondent is sustained. We have considered petitioner's 11-page protester-type petition. No useful purpose would be served in addressing the various arguments aimed at the validity of the proceedings involved in issuing the notice of deficiency which the Court has previously thoroughly considered and rejected. See ; see also . Petitioner is clearly subject to the income tax laws and to the statutory requirement to file a timely return. *30 ; sections 1, 6001, 6011, and 6012. Petitioner's contention that the W-2 information form prepared by his employer is tantamount to a "return" within the meaning of the statute is without merit. Respondent is authorized by statute upon the determination of a deficiency to send a notice of deficiency to petitioner. Section 6212. Petitioner's contention that the notice of deficiency is arbitrary is without merit. See . Said statutory notice of deficiency is sufficient to fairly advise petitioner that income tax and additions to tax have been determined in the year and the amounts involved. See . Petitioner's reliance on , is misplaced as here respondent clearly determined a deficiency based on information relating to petitioner. Finally, with respect to the effect of an order of discharge obtained by petitioner in a prior bankruptcy proceeding, this Court has previously held that we have no jurisdiction to determine whether a taxpayer's taxes were discharged in a bankruptcy *31 proceeding. . Respondent determined additions to tax under section 6651(a)(1) for failure to file a timely return. Petitioner has the burden of proof. Rule 142(a). Here, the record shows that petitioner failed to file a timely return for 1985 within the meaning of the statute. Petitioner has failed to demonstrate that his failure to file his 1985 return was due to reasonable cause and not due to willful neglect. Respondent is therefore sustained in this issue. Petitioner has the burden of proof with respect to additions to tax determined by respondent under sections 6653(a)(1) and (2) for negligence or intentional disregard of rules or regulations. . Absent any persuasive evidence on this issue, we must sustain respondent's determination. Respondent determined an addition to tax under section 6654 for underpayment of estimated taxes for the taxable year 1985. This addition to tax as to the year at issue is mandatory absent any of several statutorily provided exceptions, none of which has been shown to be applicable here. We therefore sustain respondent's determination. Section 6673 *32 provides that the Tax Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000 where it appears that the taxpayer's position in the proceedings is frivolous or groundless, the proceedings were instituted or maintained by the taxpayer primarily for delay, or the taxpayer unreasonably failed to pursue available administrative remedies. We have considered the circumstances of this case and, in the exercise of our discretion, we decline to impose the penalty under the statute. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
*. 50 percent of the interest due on the amount of $ 714 attributable to negligence.↩